## IN THE COURT OF APPEALS OF IOWA

No. 17-1782
Filed January 24, 2018

**IN THE INTEREST OF C.M. and E.M.,**
**Minor Children,**

**C.E., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Linn County, Susan F. Flaherty, Associate Juvenile Judge.

The mother appeals from the modification of placement and permanency goals. **AFFIRMED.**

David R. Fiester of Law Office of David R. Fiester, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Kimberly A. Opatz of Linn County Advocate, Cedar Rapids, guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, Judge.**

The mother appeals from the court's modification of disposition, transferring placement of the children, C.M. and E.M., and changing permanency goals from reunification to the modified placements. Custody and guardianship of C.M., born May 2005, were transferred to her maternal uncle pursuant to Iowa Code section 232.104(2)(d)(1) (2017). Custody and guardianship of E.M., born March 2009, were transferred to his father pursuant to Iowa Code section 232.104(2)(d)(2). The court declined to proceed with termination of parental rights. The mother argues the State failed to make reasonable efforts towards reunification and that she should have been granted an additional six months to achieve permanency.

**I. Background Facts and Proceedings.**

Before this action, the mother had physical custody of E.M. and the father regularly exercised visitation. E.M.'s father, who lives in North Dakota, has been involved in the child's life and has shared joint legal custody with the mother. C.M.'s biological father did not participate in these proceedings and could not be located. The children and their mother had previous involvement with the juvenile court system in Illinois, where the children were removed as a result of the mother's substance abuse. The mother accused E.M.'s father of domestic abuse in Illinois, and protective orders against both parties have been filed in Illinois, North Dakota, and Iowa. The children were removed for a period of over two years due to the mother's issues with substance abuse. During that time, the children lived with their uncle and grandfather, the same uncle who was granted custody of C.M. in this action.

In November 2016, in Iowa, the mother was charged with operating while intoxicated and child endangerment when she drove intoxicated with E.M. in the vehicle and left C.M., then eleven years old, home alone. The court removed the children to a foster home and adjudicated the children in need of assistance (CINA). The dispositional order placed custody with the Iowa Department of Human Services for purposes of foster care.

The mother is a self-admitted alcoholic. She was required to complete random drug testing, a substance-abuse evaluation, and substance-abuse treatment and stay sober. She did not show up for six out of her fourteen testing dates. In February 2017, the family safety, risk, and permanency (FSRP) worker found both full and empty alcohol bottles in the mother's home. In March, C.M. complained that her mother was intoxicated during a phone call. The mother is in Alcoholics Anonymous and a church-sponsored substance-abuse program. She attended substance-abuse treatment, but she was discharged without completion in late June.

In May 2017, the mother's father, who provided her with financial and emotional support, passed away. C.M. believed her mother to be intoxicated at the funeral and both children reported that they felt their mother was getting upset with them during phone calls during this time. The mother tested positive for alcohol use on June 14, 2017.[1]

The children visited E.M.'s father from June 15 to July 15, 2017. After their visit, the mother's visits were delayed when she refused to participate in visits

---

[1] The mother claims the test is not accurate.

where a particular DHS worker was present. The mother claims the DHS worker was turning her children against her, and she was encouraged to speak to the worker's supervisor to resolve any issues. While DHS reached out to the mother, the issues were not resolved. The mother did not resume visits until late August. At that time, the children requested that visits be fully supervised since they had not spent time with their mother in over two months. The mother did not engage in regular phone contact with the children during this time. Since August, the mother has not fully resumed regular visits or phone calls with the children.

**II. Standard of Review.**

"We review CINA proceedings de novo." *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). Our primary concern is the children's best interests. *Id.*

**III. Discussion.**

First, the mother argues the trial court erred by transferring custody and changing the permanency goals of the children because the State failed to make reasonable efforts towards reunification pursuant to Iowa Code section 232.102(12). Specifically, the mother argues reasonable efforts were not made because there were eight visits cancelled and not made up and the children were permitted to leave for four weeks to visit E.M.'s father.

The State argues error is not preserved on the issue of reasonable efforts. "The Department has an obligation to make reasonable efforts toward reunification, but a parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005). Parents must make such complaints to the juvenile courts; a complaint to DHS is not sufficient. *In re C.H.*, 652 N.W.2d

144, 148 (Iowa 2002). The mother apparently discussed missed visits in a May 2017 hearing. In a May 10th order, the court stated, "no party has requested additional services or assistance." There is no other mention in the record regarding the missed visits.

The mother objected to the children's summer visitation with their father. The court overruled her objection. The father's month with the children prevented the mother from seeing them but did not impede her progress with reunification in other ways. During this same time period, the mother tested positive for alcohol use and stopped attending substance-abuse treatment.

Next, the mother argues the juvenile court erred by not granting her another six months to achieve permanency. Iowa Code section 232.104 allows the court to grant parents an additional six months when there are "specific factors, conditions, or expected behavioral changes" to cause the court to believe there will no longer be a need for removal at the end of the six months. Iowa Code § 232.104(2)(b). The mother argues she was making progress towards reunification until her father passed away, the children left for a month-long visit with E.M.'s father, and a urine test came back positive for alcohol, which she claims is in error. The mother claims the stress of these events caused her to cancel a visit in an effort to express her concerns with a particular DHS provider, which then in turn resulted in several missed visits. The mother claims she had again returned to making progress by the time of the permanency hearing.

Our legislature has limited the period in which parents can demonstrate they are capable of parenting. *In re J.E.*, 723 N.W.2d 793, 800 (Iowa 2006). "The crucial days of childhood cannot be suspended while parents experiment with

ways to face up to their own problems." *In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987). The children have spent almost three years removed from their mother due to her issues with substance abuse. While the mother maintains she is sober, a drug test, reports from the children, and alcohol found in the home suggest otherwise. The juvenile court reasonably found the need for removal was likely to continue to exist at the end of an additional six months.

The juvenile court's modification of placement and permanency goals is affirmed.

**AFFIRMED.**